IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUAR STOKES, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| | Civil Action |
| v. | No. 13-4337 (JBS) |
| PAUL K. LAGANA, et al., | |
| | **OPINION** |
| Respondents. | |

APPEARANCES:

Jacquar Stokes, Petitioner pro se
860509C/516883
Northern State Prison
P.O. BOX 2300
Newark, New Jersey 07114

Alexis R. Agre, Esq.
Jennifer L. Bentzel, Esq.
Burlington County Prosecutor's Office
New Courts Facility
25 Rancocas Road
Mount Holly, New Jersey 08060
    Attorneys for Respondent Paul K. Lagana

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Jacquar Stokes has submitted a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. Petition, Docket
Entry 1. Respondent Paul K. Lagana opposes the petition and
asserts that several grounds raised by Petitioner are either
procedurally defaulted or unexhausted. Answer, Docket Entry 8.

Petitioner has requested a stay and abeyance in order to return to the state courts to exhaust his claims. For the reasons stated herein, the request for a stay shall be denied, and Petition is dismissed without prejudice as untimely. Petitioner may file a written statement within thirty (30) days of the date of this Opinion and Order on timeliness.

## II.   BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's post-conviction relief ("PCR") appeal:

> On January 12, 2003, a police officer asked defendant's permission to search him for weapons, after observing defendant react suspiciously upon seeing the officer. Defendant fled but the officer caught him. Defendant was searched and found with a semi-automatic handgun and four bags of crack cocaine.
>
> On February 24, 2003, the Mount Holly police responded to a report of a stabbing at a residence on Grant Street. The officers found the victim, Ernest Greene (Greene), lying on the steps of the residence. Attempts to save Greene's life were unsuccessful. An eyewitnesses told the officers that he saw defendant stab Greene in the neck. Another eyewitness said that he saw defendant argue with Greene before the stabbing.
>
> About fifteen minutes later, the police found defendant. They arrested him and returned him to the crime scene, where the two eyewitnesses identified him as the person who stabbed Greene. The officers transported defendant to the Mt. Holly Police Department. The officers

continued their investigation. Four other persons identified defendant as the individual who stabbed Greene.

At the police station, the police informed defendant of his *Miranda*[1] rights. Defendant waived his rights and agreed to give the detectives a statement. He said that, several days before the stabbing, Greene robbed him of $200 and punched him in the face. According to defendant, on the date of the stabbing, he met Greene and Greene boasted about the robbery.

Defendant claimed that he found a knife in the street and picked it up because he had no other means to protect himself. When he walked towards Greene, Greene demanded that defendant hand him the bottle of brandy that defendant was carrying. Defendant said that when Greene approached him, he "shut [his] eyes and let [the knife] go." Defendant was then transported to the county jail where he was found in possession of thirty-five bags of crack cocaine.

Defendant was charged under Indictment No. 03-07-1043-I with murder, N.J.S.A. 2C:11-3(a)(1) and 3(a)(2) (count one); third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 5(b)(3) (count two); and third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count three). Defendant also was charged under Indictment No. 03-04-561-I, with third-degree aggravated assault upon a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a) (count one); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count two); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count three); fourth-degree hindering his apprehension, N.J.S.A. 2C:29-3(b)(1) (count four); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count five); and fourth-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(e) (count six).

On January 11, 2005, defendant pled guilty to count one of Indictment No. 03-07-1043-I, which was amended to charge first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); and count two of Indictment No. 03-04-561-I, charging third-degree resisting arrest. The State

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

> agreed to dismiss the other charges and recommend an
> eighteen-year term of incarceration, with a period of
> parole ineligibility as prescribed by the No Early
> Release Act (NERA), N.J.S.A. 2C:43-7.2, on the
> aggravated manslaughter charge, with a concurrent four-
> year, flat sentence on the resisting arrest charge.

*State v. Stokes*, No. A-4355-10, 2012 WL 2327784, at *1-2 (N.J.
Super. Ct. App. Div. June 20, 2012); Ra 30.[2] The trial court
imposed the recommended sentence on March 11, 2005. *Id.*
Petitioner did not file a direct appeal; however, he did file a
pro se PCR petition on September 12, 2008. Pro Se Petition, Ra
10.

Petitioner alleged in his pro se submission that trial
counsel rendered ineffective assistance for allowing his family
members to "emotionally blackmail" him into taking the guilty
plea. *Id.* at 3. He further alleged trial counsel was ineffective
for failing to introduce evidence of his psychiatric history and
drug and alcohol abuse at sentencing as mitigating factors. *Id.*
Petitioner later provided a certification stating that he
arrived in court on the date of the plea hearing expecting to
proceed to trial because the State would not agree to a 15-year
sentence. PCR Certification, Ra 14 ¶¶ 4-7. The trial court
recessed and suggested that Petitioner confer with counsel.

> During the 30 minute recess by the court, the courtroom
> was cleared with the exception of me, my attorney and my
> family members. During those 30 minutes I was faced with

---

[2] Ra refers to the appendix to Respondent's Answer, Docket Entry
8.

> my siblings, father and mother, crying and telling me to
> come to my senses. I was told I was not being rationale
> [sic]. I was told that my attorney had spoke [sic] with
> them and that I was crazy for trying to go to trial. I
> was told that my attorney told them that I was guaranteed
> to lose and that I would never see the light of day if
> I went to trial. My attorney and family just kept playing
> on my emotions. They were telling me to cop a plea
> because that was the sane thing to do.
>
> . . . I could not overcome the emotional manipulation
> that my attorney had orchestrated by using my family to
> get to me in that way.

*Id.* ¶¶ 11-12. He further certified that he had been diagnosed

with depression when he was a juvenile and was on several

medications. *Id.* ¶ 15. He stated his trial attorney did not

bring that fact, as well as the facts that he had previously

been confined in difference psychiatric facilities and had

abused drugs and alcohol since he was 10 years old, to the trial

court's attention. *Id.* He subsequently filed a pro se

supplemental brief arguing "[t]he sentence is illegal since

Defendant is a Corporation as denoted in the criminal code and

cannot be subjected to any term of imprisonment." Pro Se

Supplemental Brief, Ra 15.[3]  The State argued the petition was

barred under New Jersey law as Petitioner had not raised these

claims on direct appeal and were in any event meritless. State's

PCR Brief, Ra 12.

---

[3] Appointed PCR counsel also filed a supplemental brief. Ra 11.

Oral argument on the petition was held on October 29, 2010. 4T. PCR Counsel argued for the first time at the hearing that trial counsel had been ineffective for failing to request a *Miranda* hearing. 4T29:14 to 30:24. The PCR Court denied the petition without an evidentiary hearing on November 16, 2010. PCR Opinion, Ra 19. The court found the petition to be barred under New Jersey Court Rule 3:22-4 as Petitioner had not raised his ineffective assistance of counsel claims on direct appeal. *Id.* at 4. It also considered the merits of the petition under *Strickland v. Washington*, 466 U.S. 668 (1984), but found that Petitioner had not set forth a prima facie case of ineffective assistance of counsel, *id.* at 5.

Petitioner appealed to the Appellate Division arguing the PCR court erred in concluding his petition was barred and that there was no ineffective assistance of counsel. PCR Appellate Brief, Ra 21. He further alleged the PCR court improperly failed to conduct an evidentiary hearing and address his corporation argument. *Id.* After the State answered, Ra 24, Petitioner filed a supplemental brief raising a new argument: "The Defendant's sentence is illegal insofar as it violates the separation of powers doctrines [in] both the [United States] and [New Jersey] constitutions, and is wholly repugnant to the supremacy clause." *State v. Stokes*, No. A-4355-10, 2012 WL 2327784, at *3 (N.J. Super. Ct. App. Div. June 20, 2012) (alteration in original). He

thereafter filed a supplemental reply brief with four new

arguments:

    I.   Summary dismissal must be granted in favor of Appellant with respect to Point IA of his appellate brief since the State failed to refute that Defendant's claims were ripe for appeal.

    II.  Had trial counsel moved for suppression of confession the outcome would have been different, as there was a likelihood that the negotiated plea would have been less than it was and/or undermined the State's confidence in a trial victory.

    III. Even if trial counsel's performance was effective for plea purposes, he still missed critical errors which should have been exploited. The Defendant's sentence is illegal since he was never arrested and afforded due process.

          A. The State failed to include the probable cause statement of Detective William Fields in discovery.

    IV.  Counsel did not function as the counsel guaranteed by the 6th amendment, & the State can't prove otherwise.

Pro Se Reply Brief, Ra 26 at 2.

    The Appellate Division held that the PCR court erred

by applying the procedural bar to the ineffective

assistance of counsel claims regarding the plea and

sentencing. "Because defendant's claim of ineffective

assistance of counsel implicates his constitutional right

to counsel and was based on allegations and evidence that

lie outside the record of the plea and sentencing, his

failure to raise these claims in a direct appeal from his

judgment of conviction does not bar the assertion of the claims in a PCR petition." *Stokes*, No. A-4355-10, 2012 WL 2327784, at *4. It affirmed the denial of those claims on the merits for the reasons given by the PCR court. *Id.* at *4-6. It concluded the arguments that "the PCR court erred by failing to conduct an evidentiary hearing; [Petitioner] was denied the effective assistance of PCR counsel; and the PCR court erred by failing to address a claim asserted by defendant in a pro se submission" were without sufficient merit to warrant discussion. *Id.* at *6. It declined to consider the arguments raised in the pro se reply brief as they were raised for the first time on appeal. *Id.* Petitioner requested review by the New Jersey Supreme Court, Petition for Certification, Ra 31, and the court denied certification on May 9, 2013. *State v. Stokes*, 65 A.2d 262 (N.J. 2013).

Petitioner filed this § 2254 petition on June 26, 2013. Petition, Docket Entry 1. By Order dated October 23, 2013, the Court informed Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to advise the Court as to how he wished to proceed. *Mason* Order, Docket Entry 2. Petitioner did not respond to the order; therefore, the Court ordered Respondent to answer the petition on January 16, 2014. Order to Answer, Docket Entry 4. The Court granted Respondents'

motion for an extension of time to file their answer due to a delay in the referral of the matter from the Attorney General's Office. Respondents filed their answer to the petition on September 12, 2014 arguing the petition should be dismissed as unexhausted, procedurally defaulted, and meritless. Docket Entry 8. Petitioner conceded several of his claims were unexhausted in the state courts and requested a stay and abeyance so that he could return to the state courts to exhaust his claims. January 20, 2015 Letter, Docket Entry 11.

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas custody on behalf of a person in state custody, pursuant to the judgment of a state court, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "[A] state-court decision is an unreasonable application of clearly established [Supreme Court] precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." *White v. Woodall*, 134 S. Ct. 1697, 1706, *reh'g denied*, 134 S. Ct. 2835 (2014). The Court must presume that the state court's factual findings are correct unless Petitioner has rebutted the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

Petitioner raises seven grounds for relief before this Court:

I. The Defendant's sentence is illegal insofar as it violates the separation of powers doctrines of both the U.S. and N.J. Constitutions, and is wholly repugnant to the Supremacy Clause.

II. The State illegally suppressed the probable cause statement of Detective William Fields in order to prevent Defendant from discovering the miscues and breakdowns in the investigatory procedures which

> > involved the unauthenticated arrest report of James
> > Harper. (Issue not exhausted)
>
> III. The PCR Court's failure to rule upon Defendant's
> supplemental (corporation) argument constitutes an
> admission under federal law.
>
> IV. The sentencing court should have ordered a
> psychiatric evaluation before sentencing the
> Defendant.
>
> V. Trial Counsel provided ineffective assistance of
> counsel failed to introduce evidence in mitigation
> that Defendant [acted] under a strong provocation.
>
> VI. The sentence is illegal since the No Early Release
> Act is in direct conflict with the Double Jeopardy
> protections afforded by the Fifth Amendment to the
> U.S. Constitution. (Issue not exhausted)
>
> VII. The sentence is illegal under *Blakely v. Washington*
> (I.E. Due Process Clause) since the second element
> of the aggravated manslaughter statute is not
> defined in the code. Nor was it ever clearly defined
> by the Legislature, which also renders it
> unconstitutionally vague on it's [sic] face. (Issue
> not exhausted)
>
> VII. The trial court lack subject matter jurisdiction
> since the arresting officer (James Harper):
>
> A. Failed to file an arrest report; and
> B. Take fingerprints/mugshot of Defendant
> regarding the homicide. (Issue not exhausted)

Petition ¶ 12.

Petitioner's § 2254 petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas petitioners must exhaust state court remedies before a federal district court may consider the merits of a claim. "This exhaustion rule promotes 'comity in that it

would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

Petitioner candidly admits several of his raised grounds have not been exhausted in the state courts, and Respondent argues they should be dismissed on this basis pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), or as procedurally defaulted as he cannot return to the state courts. Answer at 22-24. Petitioner responds an illegal sentence may be challenged at any time under New Jersey law and requests this Court stay his petition. January 20, 2015 Letter.[4]

## A. Stay and Abeyance

When confronted with a "mixed petition" containing unexhausted and exhausted claims as the Court is here, a district court may stay the matter pending state court exhaustion "where there is a danger that dismissal will deny a petitioner federal review" due to AEDPA's statute of limitations. *Id.* In determining whether to grant a stay,

---

[4] The Court directed Respondent to respond to the stay request, Docket Entry 13, however it failed to submit a response to the Court's Order. Failure to respond to future orders may result in sanctions.

the Court must consider the standard as set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).

"[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 2775. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Petitioner has not presented any explanation as to why he failed to properly exhaust all of his claims. Thus, there is nothing to support a finding of good cause for failure to exhaust. A stay is therefore not appropriate under *Rhines*. Moreover, a stay would not be warranted because it appears the entire petition is barred by AEDPA's statute of limitations.[5]

---

[5] Respondents did not raise the statute of limitations as an affirmative defense, however "the AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long v. Wilson*, 393 F.3d 390, 402 (3d Cir. 2004); *see also Day v. McDonough*, 547 U.S. 198, 209

**B. Timeliness**

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The judgments of convictions were entered on March 11, 2005. Judgments of Convictions, Ra 9. Petitioner did not file a direct appeal; therefore his convictions became final after the expiration of the period in which he could have filed a timely appeal: April 25, 2005. *See* N.J. Ct. Rule 2:4-1(a). AEDPA's one-year statute of limitations

---

(2006) ("[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

therefore expired on April 25, 2006, well before this petition was filed in July 2013.

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Petitioner, however, cannot avail himself of statutory tolling because AEDPA's statute of limitations expired prior to the filing of his PCR petition on September 12, 2008.

The statute of limitations is, however, subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle*

*it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

Here, nothing in the record suggests Petitioner has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted. "And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, this Court will dismiss the Petition as time barred." *Daley v. State of New Jersey*, No. 16-23, 2016 WL 2990631, at *4 (D.N.J. May 24, 2016).

However, because the Court is raising this issue sua sponte and after the parties' briefs have been submitted, the Court will administratively terminate the petition and retain jurisdiction for 30 days as it cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling, or that he may be able to argue that the limitations period is governed by another subsection of § 2244(d). Within that timeframe, Petitioner may submit a written statement setting forth detailed tolling arguments, or other

arguments as to why the Petition is not untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position). Upon submission of Petitioner's arguments within the 30-day timeframe, the Court will reopen the petition for consideration. *See Daley*, 2016 WL 2990631, at *4 (citing cases).  If Petitioner does not contest that his petition was untimely, then his response should so indicate and a final order of dismissal will be entered.

**C. Certificate of Appealability**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**V.   CONCLUSION**

For the reasons stated above, the habeas petition is dismissed as untimely, but the Court shall retain jurisdiction for a period of 30 days in order to afford Petitioner an opportunity to submit a detailed, written argument as to why the petition should not be dismissed as time-barred as of April 25, 2006. A certificate of appealability shall not issue.

An accompanying Order will be entered.


**September 21, 2016**                          **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge